# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* K.F.

No. 20-0592 (Clay County 18-JA-46)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.S., by counsel Andrew Chattin, appeals the Circuit Court of Clay County's July 7, 2020, order[1] declining to terminate his parental rights to K.F. and directing the parties to submit proposed parenting plans for a determination on custodial allocation.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Michael W. Asbury Jr., filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in granting primary custody of the child to the maternal grandparents on a permanent basis.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

After initiating abuse and neglect proceedings in regard to other adult respondents, the DHHR filed an amended petition alleging that petitioner abused the child by virtue of his substance abuse. At the time the original petition was filed, the child was in the legal guardianship of the

---

[1]The Court's original scheduling order in this matter listed different initials for the child and a different circuit court number in the style of the case. However, the record reflects that the style and circuit court number included in this memorandum decision are accurate and, accordingly, the appropriate changes have been made herein.

[2]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

maternal grandparents pursuant to an earlier family court order that permitted petitioner visitation only. Following the amended petition's filing, the circuit court adjudicated petitioner in March of 2019 based on the fact that his addiction affected his ability to properly parent the child. The circuit court thereafter granted petitioner a post-adjudicatory improvement period, which it later extended.

In June of 2020, the court held a dispositional hearing, during which it found that petitioner successfully completed his improvement period. Finding that the DHHR had not satisfied the burden of proof necessary for termination of petitioner's parental rights, the court directed the parties to file parenting plans for its consideration in allocating custodial responsibility between petitioner and the maternal grandparents pursuant to West Virginia Code § 48-9-206. The court then set the matter for further hearing on the issue of custodial allocation and ordered that the child remain in the grandparents' custody pending its final ruling on permanent placement.[3] It is from the circuit court's order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Put succinctly, the assignment of error that petitioner raises on appeal is simply not ripe for our review. In his brief on appeal, petitioner asserts that the circuit court granted primary custody of the child to the maternal grandparents on a permanent basis. However, no order in the appendix record before this Court contains such a ruling. Indeed, the order on appeal simply directs the parties to submit proposed parenting plans in order to allow the circuit court to make a determination as to permanent custodial allocation at a later hearing, but no subsequent order that indicates the circuit court's ruling on this issue was provided on appeal. In support of his assignment of error, petitioner cites to portions of the dispositional transcript where the circuit court discussed the grandparents' ongoing custody and asserts that this discussion constitutes a final ruling on the issue of custodial allocation. What he fails to recognize, however, is that both the dispositional transcript and the order on appeal are explicitly clear that the parties were to submit proposed parenting plans so that the court could, at a later hearing, make a final

---

[3]The mother voluntarily relinquished her parental rights below.

determination as to custodial allocation.[4] "Subject matter jurisdiction does not exist over claims that are not ripe for adjudication." Syl. Pt. 3, *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 801 S.E.2d 216 (2017). Additionally, we have been clear that "this Court will not review nonjurisdictional questions which have not been decided by the trial court." *Sands v. Security Trust Co.*, 143 W. Va. 522, 533, 102 S.E.2d 733, 740 (1958) (citation omitted). Because petitioner has failed to show that the circuit court made the ruling of which he complains, we find that he is not entitled to appellate review.

For the foregoing reasons, the circuit court's July 7, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]To the extent that petitioner argues that the circuit court should have ordered that the child be immediately transferred to his custody upon the circuit court's refusal to terminate his parental rights, we find no error. On appeal, petitioner acknowledges that the grandparents were previously granted a legal guardianship over the child and that the child spent the majority of his life in their care. As this Court has explained,

> [i]t is a traumatic experience for children to undergo sudden and dramatic changes in their permanent custodians. Lower courts in cases such as these should provide, whenever possible, for a gradual transition period, especially where young children are involved. Further, such gradual transition periods should be developed in a manner intended to foster the emotional adjustment of the children to this change and to maintain as much stability as possible in their lives.

Syl. Pt. 3, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991). Again, we stress that the order on appeal does not contain any ruling in regard to the child's *permanent* custody. Given that the record is clear that the issue of permanent custody would be taken up at a subsequent hearing, we find no error in the circuit court's decision to maintain the status quo in regard to the child's placement. This is especially true when considering that a transfer of custody to petitioner, if appropriate, would necessarily require a period of gradual transition. As such, petitioner is entitled to no relief.

3